UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| STATES OF INDIANA, ARKANSAS, ALABAMA, FLORIDA, GEORGIA, IDAHO, IOWA, MISSOURI, OHIO, SOUTH CAROLINA, SOUTH DAKOTA, TENNESSEE, UTAH, AND VIRGINIA,<br><br>*Petitioners*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES,<br><br>*Respondents*. | No. 24-2983 |

**MOTION TO INTERVENE
OF DIRECT ACTION FOR RIGHTS AND EQUALITY**

Pursuant to 28 U.S.C. § 2348, 47 U.S.C. § 402(e), and Federal Rule of Appellate Procedure ("FRAP") 15(d), Direct Action for Rights and Equality, Inc. ("DARE"), hereby moves to intervene in support of respondents in the above-captioned matter. DARE has challenged certain aspects of the order on review in separate, consolidated litigation in the First Circuit. DARE has conferred with counsel to all parties. Respondents consent to DARE's motion; petitioners oppose

it. DARE's motion is timely under FRAP 15(d) because it was filed "within 30 days after" the petition for review was filed in this action on September 30, 2024.

DARE seeks to intervene in support of respondents to protect its rights to defend as intervenor certain substantive provisions of the order on review that DARE is not challenging in its own petitions for review. Specifically, DARE objects to those aspects of the order that do not adequately protect consumers and that permit safety and security costs, but it supports those aspects of the order that fulfill the Federal Communication Commission's ("FCC's") statutory directive to—consistent with DARE's mission—reduce the costs of incarcerated people's communication services ("IPCS").

## BACKGROUND

On July 22, 2024, Respondent Federal Communications Commission ("FCC") released its order *In the Matter of Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act*, Report and Order, Order on Reconsideration, Clarification and Waiver, and Further Notice of Proposed Rulemaking, WC Docket Nos. 23-62 & 12-375, FCC 24-75 (rel. July 22, 2024) ("Order"). The Order implements the Martha Wright-Reed Just and Reasonable Communications Act of 2022 ("Martha Wright-Reed Act"), Pub. L. No. 117-338, 136 Stat. 6156 (2023) (codified at 47 U.S.C. §§ 152–153, 276). DARE participated in the underlying administrative proceedings, submitting comments that urged the

FCC to take further steps to lower its proposed rate caps, adopt consumer protection measures, protect the rights of incarcerated individuals with disabilities, and bar recovery of additional safety and security measures through regulated rates.

On August 26, 2024, the Federal Register published a portion of the Order, which addressed petitions for reconsideration, clarification, and waiver. *See generally* Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services, 89 Fed. Reg. 68,369 (Aug. 26, 2024). Securus Technologies, LLC ("Securus") filed a petition for review in the Fifth Circuit, stating it was "hereby petition[ing] th[e] Court for review of an order of the Federal Communications Commission"—thus representing that it was challenging the entire Order, though the remainder of the Order had not yet been published in the Federal Register. *See* Pet. for Review at 1, 2 & n.1, *Securus Techs., LLC v. FCC*, No. 24-60454 (5th Cir. Sept. 4, 2024), Dkt. No. 1-2 (citing and attaching full Order).

To safeguard its right to challenge the Order and to ensure that it would have the opportunity to have its appeal heard in the circuit in which it is located, DARE filed a petition for review in the First Circuit on September 5, 2024, within the ten-day window required to participate in the judicial lottery process under 28 U.S.C. § 2112(a)(1). DARE described its petition as "protective" to ensure its ability to participate fully in the litigation over the Order. *See DARE v. FCC*, No. 24-1814

3

(1st Cir. filed Sept. 5, 2024). DARE was then and is today aggrieved by the Order, even though the part of the Order by which DARE is aggrieved had not yet been published when DARE filed its protective petition. Two other petitioners, the Criminal Justice Reform Clinic and the Pennsylvania Prison Society, also filed protective petitions in the circuits in which they are located, the Ninth and Third Circuits, respectively. *See Crim. Just. Reform Clinic v. FCC*, No. 24-5438 (9th Cir. filed Sept. 5, 2024); *Pa. Prison Soc'y v. FCC*, No. 24-2647 (3d Cir. filed Sept. 4, 2024).

On September 16, 2024, the FCC filed a notice in the United States Judicial Panel on Multidistrict Litigation ("JPML"), indicating that multiple petitions for review were filed challenging "the same final agency action" and citing the full Order. *See* Notice of Multicircuit Petitions for Review, *In re FCC, Incarcerated People's Commc'ns Servs., Implementation of the Martha Wright-Reed Act, FCC 24-75 (released July 22, 2024; published in part on Aug. 26, 2024)*, MCP No. 191 (J.P.M.L. Sept. 16, 2024), Dkt. No. 1. The FCC forwarded the four petitions described above and identified them as having been received within the ten-day period as required by 28 U.S.C. § 2112(a). *Id.*

On September 18, 2024, the JPML conducted a random selection pursuant to 28 U.S.C. § 2112(a)(1). The JPML noted that the FCC had "issued a Report and Order" and that the JPML "received, pursuant to Section 2112(a)(3), a notice of

4

multicircuit petitions for that order." Consolidation Order, *In re FCC, Incarcerated People's Commc'ns Servs., Implementation of the Martha Wright-Reed Act, FCC 24-75, Released July 22, 2024, 89 Fed. Reg. 68,369, Published on Aug. 26, 2024*, MCP No. 191 (J.P.M.L. Sept. 18, 2024), Dkt. No. 2 ("Consolidation Order"). The JPML then designated and consolidated the actions in the First Circuit, requiring all "proceedings . . . instituted with respect to the" entire Order to be litigated in the First Circuit. 28 U.S.C. § 2112(a)(5).

On September 20, 2024, the balance of the Order, including the substantive provisions that DARE challenges in its petition, was published in the Federal Register. *See generally* Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services, 89 Fed. Reg. 77,244 (Sept. 20, 2024). DARE and other petitioners each filed a supplemental petition in the Court of Appeals where each had filed its initial protective petition.[1] *See DARE v. FCC*, No. 24-1884 (1st Cir. filed Sept. 24, 2024); *Pa. Prison Soc'y v. FCC*, No. 24-2798 (3d Cir. filed Sept. 25, 2024); *Securus Techs., LLC v. FCC*, No. 24-60492 (5th Cir. filed Sept. 25, 2024); *Crim. Just. Reform Clinic v. FCC*, No. 24-5895 (9th Cir. filed Sept. 26, 2024). Other parties, including the petitioners in this action, filed petitions for review in this Circuit, the Second Circuit,

---

[1] DARE's September 24th supplemental petition made clear that DARE, as a party aggrieved by the final Order, was challenging aspects that failed adequately to protect consumer rights or lower rates for incarcerated individuals and their families.

and the Fourth Circuit. *See Indiana v. FCC*, No. 24-2983 (8th Cir. filed Sept. 30, 2024); *Fines & Fees Just. Ctr. v. FCC*, No. 24-2611 (2d Cir. filed Sept. 27, 2024); *Pay Tel Commc'ns, Inc. v. FCC*, No. 24- 1984 (4th Cir. filed Oct. 7, 2024). Of the petitions keyed to the September 20th publication, all but two, including this action, have already been transferred to the First Circuit and consolidated into the First Circuit action, *In re MCP 191*, No. 24-8028 (1st Cir.). *See* Order of Court, *DARE v. FCC*, No. 24-1884 (1st Cir. Oct. 7, 2024); Order of Court, *Pa. Prison Soc'y v. FCC*, No. 24-1886 (1st Cir. Oct. 7, 2024); Order of Court, *Securus Techs., LLC v. FCC* (1st Cir. Oct. 11, 2024); Order of Court, *Crim. Just. Reform Clinic v. FCC*, No. 24-1922 (1st Cir. Oct. 15, 2024); Order of Court, *Pay Tel Commc'ns v. FCC*, No. 24-1969 (1st Cir. Oct. 23, 2024). This Court is also considering whether to transfer this action to the First Circuit, and petitioners have opposed transfer. *See* Clerk Order, *Indiana v. FCC*, No. 24-2983 (8th Cir. Oct. 8, 2024); Petitioners' Petition Concerning the Consolidation Order Entered in MCP No. 191, *Indiana v. FCC*, No. 24-2983 (8th Cir. Oct. 15, 2024).

On September 27, 2024, Securus moved to transfer the entire consolidated First Circuit action to the Fifth Circuit, arguing that it is the only party that was aggrieved by the portion of the Order published on August 26 and therefore that its unilateral choice of venue should control the entire litigation even though multiple petitions were filed challenging the same Order. DARE, other petitioners, and the

FCC opposed that transfer motion on the grounds that petitions for review filed on August 26 and September 20 all challenged the "same order" for purposes of the judicial lottery statute, 28 U.S.C. § 2112(a), and thus are all required to be litigated in the First Circuit pursuant to the lottery conducted by the JPML and the JPML's corresponding consolidation order. The First Circuit denied the transfer motion on October 21, 2024. *See* Order of Court, *In re MCP 191*, No. 24-8028 (1st Cir. Oct. 21, 2024).

## ARGUMENT

DARE is entitled to intervene in support of respondents in this action pursuant to 28 U.S.C. § 2348, which provides that "any party in interest in the proceeding before the agency whose interests will be affected if an order of the agency is or is not enjoined, set aside, or suspended, may appear as parties [in all court proceedings under 28 U.S.C. § 2344] of their own motion and as of right." *Id*; *see Alabama Power Co. v. FCC*, 311 F.3d 1357, 1366 (11th Cir. 2002) ("Under 28 U.S.C. § 2348, . . . parties to the agency proceeding can intervene as of right."). These "requisites for intervention . . . are less stringent" than the requirement of 28 U.S.C. § 2344 that a party petitioning for review be a "'party aggrieved,' a term which has uniformly been interpreted to require that petitioners be parties to any proceedings before the agency preliminary to issuance of its order." *Alabama Power Co. v. ICC*, 852 F.2d 1361, 1367 (D.C. Cir. 1988).

DARE objects to certain aspects of the Order that fail to adopt consumer protection measures and that permit the recovery of safety and security costs that are not used or useful in the provision of IPCS. But DARE also has a strong interest in intervening in support of respondents to defend remaining aspects of the Order, which, consistent with DARE's mission, reduce IPCS costs for incarcerated individuals and their families by, *inter alia*, eliminating the requirement that the individuals utilizing IPCS pay providers on a per-call basis. These interests will be affected by the outcome of this Action. And DARE was a party in interest in the agency proceedings, as it submitted comments in those proceedings that the Order cited in rejecting DARE's concerns. *See Incarcerated People's Communication Services; Implementation of the Martha Wright-Reed Act; Rates for Interstate Inmate Calling Services*, 89 Fed. Reg. 77,244, 77,284 (Sept. 20, 2024).

For these reasons, DARE may intervene as of right. *See Bechtel v. FCC*, 10 F.3d 875, 878 (D.C. Cir. 1993) (noting that "another disappointed applicant" intervened as of right "pursuant to 28 U.S.C. § 2348"); *Kansas City S. Indus., Inc. v. ICC*, 902 F.2d 423, 434 (5th Cir. 1990) (noting previous grant of intervention under 28 U.S.C. § 2348 to union that advocated in agency proceedings for agency to impose more protective labor conditions on carrier subsidiaries in railroad merger); *compare* Order, *In re MCP No. 185*, No. 24-700 (6th Cir. Sept. 24, 2024), Dkt No. 158-2 (granting intervention), *with* Joint Motion to Intervene in Support of

Respondents, *In re MCP No. 185*, No. 24-7000 (6th Cir. June 6, 2024), Dkt. No. 55 (three organizations seeking intervention pursuant to 28 U.S.C. § 2348 where the organizations submitted comments in the underlying FCC proceeding).

Even without a statutory right to intervene, this Court should grant DARE leave to intervene pursuant to FRAP 15(d). Rule 15(d) requires that motions to intervene "contain a concise statement of the interest of the moving party and the grounds for intervention." And the Supreme Court has instructed that courts should consider "the 'policies underlying intervention in the district courts,'" including "the 'legal interest' that a party seeks to 'protect' through intervention on appeal." *Cameron v. EMW Women's Surgical Ctr., PSC*, 595 U.S. 267, 277 (2022) (first quoting *Automobile Workers v. Scofield*, 382 U.S. 205, 217 n.10 (1965); and then quoting Fed. R. Civ. P. 24(a)(2)).

DARE satisfies this standard. As discussed above, DARE objects to aspects of the Order for failing to adequately protect the rights of incarcerated individuals and their families while desiring to see the remaining aspects of the Order that further those rights upheld. For example, petitioners here challenge the Order's prohibitions on IPCS providers from collecting separate charges for ancillary services and prohibiting ICPS providers from making site commission payments. *See* Pet. for Review at 2. These challenges directly implicate DARE's interests in the reduction of the costs of IPCS services consistent with its mission.

Moreover, DARE's intervention is consistent with its procedural rights pursuant to 28 U.S.C. § 2112(a), which Congress enacted to ensure "fairness to all concerned" with the "same order." *BASF Wyandotte Corp. v. Costle*, 582 F.2d 108, 111 (1st Cir. 1978). DARE is already a party to the consolidated action in the First Circuit, and this action and all the individual cases in the consolidated action concern challenges to the "same order" within the meaning of 28 U.S.C. § 2112(a). Both the August 26 and September 20 publications are clearly part of the unitary Order at issue because they "arise from the 'same or interrelated proceedings,'" *Costle*, 582 F.2d at 111 (quoting *Pub. Serv. Comm'n v. FPC*, 472 F.2d 1270, 1272 (D.C. Cir. 1972)), and otherwise "represent the staggered implementation of a single, multi-faceted agency undertaking," *ACLU v. FCC*, 486 F.2d 411, 414 (D.C. Cir. 1973). Even though their "particular subject matter . . . is not the same," they "were issued during the course of the same proceeding" to implement the Martha Wright-Reed Act "and are to be reviewed on the same record made" in WC Docket Nos. 23-62 & 12-375. *Id.*; *see NRDC v. EPA*, 673 F.2d 392, 398–99 (D.C. Cir. 1980), *cert. denied*, 459 U.S. 879 (1982). Intervention is thus appropriate because both of DARE's individual actions in the consolidated First Circuit action challenge the same order as the petition in this action.

## CONCLUSION

For the foregoing reasons, DARE's motion for leave to intervene in support of respondents should be granted.

Dated: October 29, 2024

Respectfully submitted,

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson
Jenner & Block LLP
1099 New York Ave, N.W. Suite 900
Washington, D.C. 20001
(202) 639-6000
jamunson@jenner.com

*Counsel for Direct Action for Rights and Equality*

## CERTIFICATE OF COMPLIANCE

Under Rules 27(d)(2)(A) and 32(g) of the Federal Rules of Appellate Procedure, I certify this motion complies with the length limits set forth Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,333 words, as counted by Microsoft Word, excluding the items that may be exempted under Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Times New Roman font.

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, DARE makes the following disclosures:

1. DARE is a section 501(c)(3) non-profit organization headquartered in Providence, Rhode Island.

2. There is no corporation that owns 10% or more of DARE's stock.

/s/ *Jessica Ring Amunson*
Jessica Ring Amunson

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Jessica Ring Amunson*
Jessica Ring Amunson