# United States Court of Appeals
## For the First Circuit

_____

No. 24-8028

In Re: MCP 191
_____

No. 24-1814

DIRECT ACTION FOR RIGHTS AND EQUALITY,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents.
_____

No. 24-1859

CRIMINAL JUSTICE REFORM CLINIC,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents.
_____

No. 24-1860

SECURUS TECHNOLOGIES, LLC,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,

Intervenors.

_____

No. 24-1861

PENNSYLVANIA PRISON SOCIETY,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents.

_____

No. 24-1884

DIRECT ACTION FOR RIGHTS AND EQUALITY,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

SECURUS TECHNOLOGIES, LLC,

Intervenor.

_____

No. 24-1886

PENNSYLVANIA PRISON SOCIETY,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

SECURUS TECHNOLOGIES, LLC,

Intervenor.

———————

No. 24-1922

CRIMINAL JUSTICE REFORM CLINIC,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

SECURUS TECHNOLOGIES, LLC,

Intervenor.

———————

No. 24-1927

SECURUS TECHNOLOGIES, LLC,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,

Intervenors.

———————

No. 24-1969

PAY TEL COMMUNICATIONS, INC.,

Petitioner,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

PENNSYLVANIA PRISON SOCIETY; DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,

Intervenors.

_____

No. 24-2013

STATE OF INDIANA; STATE OF ARKANSAS; STATE OF ALABAMA; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF IOWA; STATE OF MISSOURI; STATE OF OHIO; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF TENNESSEE; STATE OF UTAH; STATE OF VIRGINIA,

Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents,

OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.; DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY,

Intervenors.

_____

No. 24-2061

STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF TEXAS; SHERIFF SID GAUTREAUX; SHERIFF BOBBY WEBRE; SHERIFF MARK WOOD; SHERIFF KEVIN COBB; LOUISIANA SHERIFFS' ASSOCIATION,

Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,

Respondents.

---

**ORDER OF COURT**

Entered: December 18, 2024

The court has reviewed the parties' "Joint Proposed Briefing Format and Schedule." Briefing in these consolidated matters will proceed on the schedule set out in that filing and subject to the word limits proposed in that filing. The court expects the parties to adhere to the briefing schedule they themselves proposed. Extension requests are strongly discouraged and will not be granted absent a showing of good cause.

The court continues to adjudicate motions to intervene as they ripen. The parties' briefing proposal assumes the grant of all pending motions to intervene and the grant of certain yet to be filed motions to intervene. In the event the court denies any motion to intervene contemplated by the current filing or grants any motion to intervene not contemplated by the current filing, the court will enter an order adjusting the briefing schedule and details as needed.[1]

By the Court:

Anastasia Dubrovsky, Clerk

---

[1] The parties reference a petition for review by the group Fines and Fees Justice Center, Inc. ("FFJC"), which is pending in the Second Circuit but may be transferred to this court. See Appeal 24-2611 (2nd Cir.). The parties represent that, in anticipation of transfer, FFJC has assented to the parties' joint briefing proposal.

In the event FFJC's petition is transferred to and opened in this court by the proposed deadline for opening briefs (January 27, 2025), the newly opened proceeding will be consolidated with the above-captioned cases. The clerk then shall docket in the newly opened proceeding a copy of this order, with the caption adjusted to reflect the newly opened matter and with a copy of the parties' "Joint Proposed Briefing Format and Schedule" attached to the order as an exhibit. Briefing then would proceed in the newly opened proceeding in accordance with the schedule and proposal adopted herein.

In the event FFJC's petition is transferred to and opened in this court after the proposed deadline for opening briefs (January 27, 2025), the court promptly will enter an appropriate order.

cc:
Jessica Ring Amunson, Andrew Clement DeGuglielmo, Jacob Matthew Lewis, Matthew J. Dunne, P. Michele Ellison, Merrick B. Garland, Sarah E. Citrin, Robert B. Nicholson, Robert J. Wiggers, Amy Elizabeth Potter, Aliza Kaplan, Scott H. Angstreich, Michael H. Pryor, Justin B. Berg, Jordan Reinold Garcia Gonzalez, Andrew Schwartzman, Elizabeth B. Murrill, J. Benjamin Aginaga, Kelsey L. Smith, Justin L. Matheny, Lynn Fitch, Erik Stallman, Cheryl A. Leanza, Lanora Christine Pettit, Kenneth Paxton Jr., Brent Webster, Amanda Hawkins, Marcus Trathen, Christopher B. Dodd, Joshua Joseph David, Nicholas J. Bronni, David Andrew Bydalek, Dylan L. Jacobs, Edmund G. LaCour, Henry Charles Whitaker, Stephen John Petrany, Alan M. Hurst, Sean M. Corkery, Eric H. Wessan, Dominic X. Barceleau, Joshua Divine, T. Elliot Gaiser, Mathura Sridharan, Joseph David Spate, Ryan McFall, Whitney D. Hermandorfer, Stanford Purser, Kevin Michael Gallagher, Landis C. Best, Cherie R. Kiser, Angela F. Collins, Craig E. Frosch, Shannon Dirmann, Mary Erlington, Salvatore Taillefer Jr.