# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

No. 24-8028

IN RE: MCP 191

---

No. 24-1814

DIRECT ACTION FOR RIGHTS AND EQUALITY,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*.

---

No. 24-1859

CRIMINAL JUSTICE REFORM CLINIC,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*.

---

No. 24-1860

SECURUS TECHNOLOGIES, LLC,

*Petitioner*,

GLOBAL TEL*LINK, D/B/A VIAPATH TECHNOLOGIES,

*Intervenor for Petitioners*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*,

DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,

*Intervenors for Respondents*.

---

No. 24-1861

PENNSYLVANIA PRISON SOCIETY,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*.

---

No. 24-1884

DIRECT ACTION FOR RIGHTS AND EQUALITY,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*

SECURUS TECHNOLOGIES, LLC.,

*Intervenor for Respondents.*

No. 24-1886

PENNSYLVANIA PRISON SOCIETY,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*

SECURUS TECHNOLOGIES, LLC.,

*Intervenor for Respondents.*

No. 24-1922

CRIMINAL JUSTICE REFORM CLINIC,

*Petitioner*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*

SECURUS TECHNOLOGIES, LLC.,

*Intervenor for Respondents.*

---

No. 24-1927

SECURUS TECHNOLOGIES, LLC,

*Petitioner*,

GLOBAL TEL*LINK, D/B/A VIAPATH TECHNOLOGIES,

*Intervenor for Petitioners*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*

DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; CRIMINAL JUSTICE REFORM CLINIC; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,

*Intervenors for Respondents.*

---

No. 24-1969

PAY TEL COMMUNICATIONS, INC.,

*Petitioner*,

GLOBAL TEL*LINK, D/B/A VIAPATH TECHNOLOGIES,

*Intervenors for Petitioners*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*

DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,

*Intervenors for Respondents*.

---

No. 24-2013

STATE OF INDIANA; STATE OF ARKANSAS; STATE OF ALABAMA; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF IOWA; STATE OF MISSOURI; STATE OF OHIO; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF TENNESSEE; STATE OF UTAH; STATE OF VIRGINIA,

*Petitioners*,

GLOBAL TEL*LINK, D/B/A VIAPATH TECHNOLOGIES,

*Intervenor for Petitioners*,

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*

DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,

*Intervenors for Respondents.*

---

No. 24-2061

STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF TEXAS; SHERIFF SID GAUTREAUX; SHERIFF BOBBY WEBRE; SHERIFF MARK WOOD; SHERIFF KEVIN COBB; LOUISIANA SHERIFFS' ASSOCIATION,

*Petitioner,*

GLOBAL TEL*LINK, D/B/A VIAPATH TECHNOLOGIES; NATIONAL SHERIFF'S ASSOCIATION,

*Intervenor for Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents*

DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,

*Intervenors for Respondents.*

On Petition for Review of an Order of
the Federal Communications Commission

**RESPONDENTS' UNOPPOSED MOTION FOR 7-DAY ENLARGEMENT OF TIME FOR THE REMAINING MERITS BRIEFING**

Respondents the United States and the Federal Communications Commission respectfully move for a 7-day extension of the deadline for their merits brief in this case, from April 7, 2025 to April 14, 2025. We are authorized to represent that Petitioners and Intervenors in this case do not oppose this motion.

Good cause exists for this modest extension. Although the parties agreed to the stipulated deadlines in this case, unforeseen issues have inhibited the drafting and review of our brief, which responds to arguments made in five separate Petitioner briefs. For example, the undersigned attorneys were all unexpectedly occupied by litigation in this case before the Supreme Court regarding the Providers' mandamus petition, during time that otherwise would have been spent on initial drafting of the merits brief for this Court. The principal FCC drafting attorney was also unavoidably diverted for approximately two weeks by emergency motions practice in an unrelated case, and another FCC

attorney on this matter has been preparing for an oral argument in early April after the previously assigned attorney separated from the FCC. More generally, the undersigned Department of Justice attorneys have been required to review briefs in an unusually high number of unrelated matters during the period when they would need to review the brief in this case.

Despite these unforeseen obstacles, Respondents have made every effort to draft and review their merits brief in this case within the existing schedule, but we now anticipate it will not be possible to adequately prepare and file the brief by April 7, and therefore ask for an extension of one week in which to file, until April 14.

We have consulted with all opposing counsel, who have authorized us to represent that Petitioners and Intervenors do not oppose this extension, provided the remaining deadlines are likewise extended by one week. That will result in the following schedule:

- April 14, 2025—Respondents' brief
- April 21, 2025—Intervenor briefs in support of Respondents
- May 12, 2025—Reply briefs

The Court's order allowing for a deferred appendix is written with time periods, rather than specific dates, and would continue in effect.

That is, the joint appendix would be filed within 21 days of reply briefs, and final briefs within 14 days of the appendix.

## CONCLUSION

For the foregoing reasons, the motion for enlargement of time should be granted.

Dated:  March 24, 2025

Respectfully submitted,

/s/  *Matthew Dunne*

Robert B. Nicholson
Robert J. Wiggers
   *Attorneys*

U.S. DEPARTMENT OF JUSTICE
ANTITRUST DIVISION
950 Pennsylvania Ave. NW
Washington, DC 20530

*Counsel for Respondent
   United States of America*

Bradley Craigmyle
   *Deputy General Counsel*

Sarah E. Citrin
   *Deputy Associate General Counsel*

Matthew J. Dunne
   *Counsel*

FEDERAL COMMUNICATIONS
   COMMISSION
45 L Street NE
Washington, DC 20554
(202) 418-1740
fcclitigation@fcc.gov

*Counsel for Respondent Federal
   Communications Commission*

## CERTIFICATE OF COMPLIANCE

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒ this document contains <u>388</u> words, *or*

    ☐ this document uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒ this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word for Office 365</u> in <u>14-point Century Schoolbook</u>, *or*

    ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

/s/ <em>Matthew Dunne</em><br>
Matthew Dunne<br>
<em>Counsel for Respondent</em><br>
<em>Federal Communications Commission</em>