# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| In re MCP 191 | Lead Case No. 24-8028 |
| Direct Action for Rights and Equality<br>    v.<br>FCC | Nos. 24-1814 & 24-1884 |
| Criminal Justice Reform Clinic<br>    v.<br>FCC | Nos. 24-1859 and 24-1922 |
| Securus Technologies, LLC<br>    v.<br>FCC | Nos. 24-1860 and 24-1927 |
| Pennsylvania Prison Society<br>    v.<br>FCC | Nos. 24-1861 and 24-1886 |
| Pay Tel Communications, Inc.<br>    v.<br>FCC | No. 24-1969 |
| State of Indiana, et al.<br>    v.<br>FCC | No. 24-2013 |
| State of Louisiana, et al.<br>    v.<br>FCC | No. 24-2061 |

**MOTION OF NATIONAL CONSUMER LAW CENTER, ELECTRONIC PRIVACY INFORMATION CENTER, PRISON POLICY INITIATIVE, AND THE UTILITY REFORM NETWORK FOR LEAVE TO APPEAR AS AMICI CURIAE IN SUPPORT OF RESPONDENT FEDERAL COMMUNICATIONS COMMISSION**

## DISCLOSURE STATEMENTS

Pursuant to Federal Rule of Appellate Procedure 26.1, movants provide the following corporate disclosure statements:

**National Consumer Law Center** is a non-profit corporation with no parent corporation or issued stock. No publicly held corporation holds 10% or more of its stock.

**Electronic Privacy Information Center** is a non-profit corporation with no parent corporation or issued stock. No publicly held corporation holds 10% or more of its stock.

**Prison Policy Initiative** is a non-profit corporation with no parent corporation or issued stock. No publicly held corporation holds 10% or more of its stock.

**The Utility Reform Network** a non-profit corporation with no parent corporation or issued stock. No publicly held corporation holds 10% or more of its stock.

# MOTION

Pursuant to Federal Rule of Appellate Procedure 29(a), movants National Consumer Law Center, Electronic Privacy Information Center, Prison Policy Initiative, and The Utility Reform Network (collectively, the **"Consumer Advocates"**) respectfully seek leave to file the accompanying brief as amici curiae in support of respondent Federal Communications Commission (the **"Commission"**). The brief urges dismissal of the petitions for review filed by Securus Technologies, LLC; Pay Tel Communications, Inc.; the States of Indiana, Arkansas, Louisiana, Alabama, Florida, Georgia, Idaho, Iowa, Mississippi, Missouri, Ohio, South Carolina, South Dakota, Tennessee, Texas, Utah, and Virginia; Louisiana Sheriffs Sid Gautreaux, Bobby Webre, Mark Wood, and Kevin Cobb; the Lousiana Sheriffs' Association; and, the National Sheriffs' Association.

# CERTIFICATE OF PREFILING CONFERRAL

The undersigned counsel certifies that the following parties have consented to the Consumer Advocates' appearance as amici curiae for purposes of filing a brief on the merits: the Commission, the United States, Direct Action for Rights & Equality, Pennsylvania Prison Society, United Church of Christ Office of Communication, Criminal Justice Reform Clinic, the Louisiana Sheriff's

Association, and the States of Arkansas, Alabama, Indiana, Florida, Georgia, Iowa, Missouri, Virginia, Tennessee, Utah, Mississippi, and Louisiana. The State of Texas does not object to the timely filing of an amicus brief.

Global Tel*Link and the State of Ohio inform the undersigned counsel that they take no position on the Consumer Advocates' appearance.

Securus Technologies, LLC, Pay Tel Communications, Inc., National Sheriffs Association, and the State of South Dakota do not consent to the Consumer Advocates' appearance.

The States of Idaho and South Carolina did not respond to the undersigned counsel's attempts to confer.

## POINTS AND AUTHORITIES

As required by Federal Rule of Appellate Procedure 29(a)(3), Consumer Advocates are both interested in the outcome of this proceeding and hereby submit a brief designed to assist this Court in arriving at a reasoned disposition. Collectively, the Consumer Advocates have spent decades advocating for just and reasonable telecommunications rates for incarcerated people and their families. This work led to the passage of the Martha Wright-Reed Just and Reasonable Communications Act (the **"Wright-Reed Act"**), the implementation of which is the issue before the Court in these consolidated proceedings.

The Wright-Reed Act is designed to bring discipline and reason to a telecommunications market long noted for imposing unconscionably high costs on consumers who can least afford it. The consumers who stand to benefit from the Wright-Reed Act are generally focused on preserving relationships with incarcerated loved ones and managing the substantial tasks of navigating of daily life[1]—in other words, it is a population not well-positioned to participate in this litigation. Through their long-standing work with justice-involved populations, the Consumer Advocates are able to provide the perspective of directly-impacted consumers while also responding to the legal arguments raised by industry and law-enforcement parties.

As evidenced by the number of comments filed with the Commission and the numerous petitions for review filed in the Court of Appeals, this case raises issues of great public importance. This Court has historically welcomed the participation of amici curiae in such public-interest cases. *Worman v. Healey*, 922 F.3d 26, 32 (1st Cir. 2019).

---

[1] *See* Ruth Wilson Gilmore, *Introduction* to *The Jail is Everywhere: Fighting the New Geography of Mass Incarceration*, vii, x (Jack Norton, et al., eds.) (2024) ("As with all carceral interruptions to life-in-motion, unfree persons' households and communities also experience the drain. Not only deprived of time and money resources, they are also exposed to life-shortening effects of powerless worry and ambient toxins that, in sum, contribute to group-differentiated vulnerability to premature death.").

As noted in the certificate of prefiling conferral, the vast majority of parties have consented to the Consumer Advocates' filing of this brief. The Consumer Advocates deliberately chose to present argument as amici, instead of as intervenors, to minimize the number of parties (and concomitant administrative complexity) in these consolidated proceedings. This decision was made in recognition of this Court's tradition of encouraging amicus argument over intervention in cases of broad public interest. *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 807 F.3d 472 (1st Cir. 2015) (affirming district court's procedure of inviting would-be intervenors to appear as amici); *Public Serv. Co. v. Patch*, 136 F.3d 197, 203 (1st Cir. 1998) (similar procedure in a public utilities case).

The Consumer Advocates have gained unique expertise through their work with justice-involved communities. By presenting the accompanying analysis, the Consumer Advocates seek to lend this expertise to the Court to aid in the deliberative process. For the reasons stated herein, the Consumer Advocates respectfully request leave to file the attached brief as amici curiae.

\\\

\\\

\\\

- 6 -

Dated this 21st day of April 2025.

                    TABOR LAW GROUP

By: */s/ Stephen A. Raher*
    Stephen A. Raher, OSB No. 985625
      Phone: 971.867.2440
      Email: sraher@pdx-law.com
    4110 SE Hawthorne Blvd. PMB #506
    Portland, Oregon 97214

*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

1.    This motion complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because this document contains 1,114 words.

2.    This motion complies with the typeface requirements of Fed. R. App. P. 27(d)(1)(E) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2021 in 14-point Equity Text B font.

Dated: April 21, 2025

*/s/ Stephen A. Raher*
Stephen A. Raher
*Counsel for Amici Curiae*