# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| IN RE: MCP 191 | No. 24-8028 |
| DIRECT ACTION FOR RIGHTS AND EQUALITY, INC., *Petitioner*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, SECURUS TECHNOLOGIES, LLC, *Intervenor (No. 24-1884).* | Nos. 24-1814 & 24-1884 |
| CRIMINAL JUSTICE REFORM CLINIC, *Petitioner*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, SECURUS TECHNOLOGIES, LLC, *Intervenor (No. 24-1992).* | Nos. 24-1859 & 24-1922 |

| | |
|---|---|
| SECURUS TECHNOLOGIES, LLC,<br><br>*Petitioner*,<br><br>GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES,<br><br>*Intervenor*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,<br><br>*Respondents*,<br><br>DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; CRIMINAL JUSTICE REFORM CLINIC; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,<br><br>*Intervenors.* | Nos. 24-1860 & 24-1927 |
| PENNSYLVANIA PRISON SOCIETY,<br><br>*Petitioner*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,<br><br>*Respondents*,<br><br>SECURUS TECHNOLOGIES, LLC,<br><br>*Intervenor (No. 24-1886).* | Nos. 24-1861 & 24-1886 |

| | |
|---|---|
| PAY TEL COMMUNICATIONS, INC., <br><br> *Petitioner*, <br><br> GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES, <br><br> *Intervenor*, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, <br><br> *Respondents*, <br><br> DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., <br><br> *Intervenors.* | No. 24-1969 |
| STATE OF INDIANA; STATE OF ARKANSAS; STATE OF ALABAMA; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF IOWA; STATE OF MISSOURI; STATE OF OHIO; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF TENNESSEE; STATE OF UTAH; STATE OF VIRGINIA, <br><br> *Petitioners*, <br><br> GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES, <br><br> *Intervenor*, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, <br><br> *Respondents*, <br><br> DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., <br><br> *Intervenors.* | No. 24-2013 |

|  |  |
|---|---|
| STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF TEXAS; SHERIFF SID GAUTREAUX; SHERIFF BOBBY WEBRE; SHERIFF MARK WOOD; SHERIFF KEVIN COBB; LOUISIANA SHERIFFS' ASSOCIATION,<br><br>*Petitioners*,<br><br>GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES; NATIONAL SHERIFFS' ASSOCIATION,<br><br>*Intervenors*,<br><br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES,<br><br>*Respondents*,<br><br>DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC.,<br><br>*Intervenors*. | No. 24-2061 |

**MOTION OF RESPONDENT FEDERAL COMMUNICATIONS COMMISSION TO POSTPONE ORAL ARGUMENT**

The Federal Communications Commission (FCC or Commission) respectfully requests that the Court postpone the oral argument in this matter—currently scheduled for Tuesday, October 7, 2025—until after the agency's October Open Meeting, which is scheduled for October 28, 2025. At the meeting, the FCC plans to vote on a new order governing incarcerated people's communications services (IPCS). The order that will be presented to the Commission for a vote would moot a substantial portion of this litigation. The Commission plans to circulate within the agency a draft of that order on Friday,

October 3, 2025, and to make it publicly available on Tuesday, October 7, 2025, the day of the currently scheduled oral argument, consistent with its standard process for items being presented for a vote at its monthly open meetings. In light of these developments, there is "grave cause" to continue the currently scheduled argument date. *See* Local R. 34.1(d).

We have conferred with counsel for the other parties regarding this motion. The following Petitioners and intervenors supporting Petitioners do not oppose this motion: Securus Technologies, LLC; Global Tel*Link d/b/a ViaPath Technologies; Pay Tel Communications, Inc.; National Sheriffs' Association; the States of Indiana, Arkansas, Louisiana, Alabama, Florida, Georgia, Idaho, Iowa, Mississippi, Missouri, Ohio, South Carolina, South Dakota, Tennessee, Texas, Utah, and Virginia; Sheriffs Sid Gautreaux, Bobby Webre, Mark Wood, and Kevin Cobb; and the Louisiana Sheriffs' Association. The following Petitioners oppose this motion: Direct Action for Rights and Equality, Inc. (DARE); Criminal Justice Reform Clinic; Pennsylvania Prison Society; and Office of Communication of the United Church of Christ, Inc. Respondent the United States of America does not oppose this motion.

## BACKGROUND

In the challenged *Order*, adopted in July 2024, the Commission set out new rules for the voice and video communication services used by inmates in prisons

and jails, known as IPCS. In part to implement recent legislation—the Martha Wright-Reed Just and Reasonable Communications Act of 2022, Pub. L. No. 117-338, 136 Stat. 6156 (2023)—the Commission (1) set new, lower rate caps for voice IPCS; (2) set rates for video IPCS for the first time; (3) determined which "safety and security" costs should be included as costs in setting rates; (4) barred most payments from IPCS providers to correctional facilities, known as "site commissions"; and (5) issued several other regulations related to these reforms.

**1.** Parties representing IPCS providers, states and sheriffs, and public interest advocates filed petitions for review, which were consolidated in this Court. These petitions challenge many aspects of the *Order*, including the rate caps, the treatment of safety and security costs, and the banning of site commissions. *See* Resp. Br. at 4–6 (issues presented).

When the *Order* was approved, then-Commissioner Brendan Carr voted to approve in part and concur in part, expressing concerns that the rates adopted in the *Order* might prove too low to fully compensate some facilities, especially smaller jails, and might fail to cover certain necessary safety and security costs. JA1947. He explained that his decision to support the *Order* in part was contingent on, among other factors, the concurrent issuance of a further notice of proposed rulemaking (*Further Notice*). *Id.* The *Further Notice* sought comment on, among other issues, a uniform fee-recovery additive to account for otherwise

uncompensated costs. *See Order* ¶¶ 621–22 (JA1802–03). It also sought additional data on variable costs of very small jails. *See id.* ¶ 612 (JA1799). The FCC has since received comments and other filings addressing the issues raised in the *Further Notice*.

While some IPCS providers sought judicial review of the *Order*, others filed petitions for agency reconsideration with the Commission. NCIC Correctional Services, for example, asked the Commission to reconsider its treatment of safety and security costs and site commissions. *See* NCIC Correctional Services, Petition for Reconsideration, WC Docket Nos. 23-62 and 12-375 (Oct. 21, 2024). The agency received several comments in response to these petitions.

**2.** Since the *Order* was adopted in July 2024, the composition of the FCC has materially changed. With the change in Presidential administration, former Commissioner Carr was named Chairman, and his predecessor departed. Two other Commissioners who both voted to approve the *Order* departed the Commission, and one new Commissioner has joined. Of the FCC's three sitting members, only one (Commissioner Gomez) voted to approve the *Order* in full.

**3.** On June 30, 2025, the FCC's Wireline Competition Bureau issued an order that temporarily waived the deadlines to comply with the *Order*'s rate cap, site commission, and per-minute pricing rules. *Incarcerated People's Communications Services; Implementation of the Martha Wright-Reed Act*, DA-

4

25-565, ¶ 1 (Wireline Comp. Bur., June 30, 2025), *available at* https://docs.fcc.gov/public/attachments/DA-25-565A1.pdf. The waiver will last until April 1, 2027, or until any "alternative date the Commission sets as part of further action" in the IPCS proceeding. *Id.*

**4.** Based on these developments, the Commission moved in July of this year to place this case in abeyance. FCC Abeyance Mot. (July 1, 2025) (Entry ID 6732864). The Court denied that motion but advised the parties to "inform the court immediately of any events or changes in circumstance capable of mooting these matters to any degree." *Order* at 5 (July 16, 2025) (Entry ID 6736154).

**5.** Counsel for Petitioner DARE subsequently requested that the Court set oral argument for September 2025, if possible. DARE Letter (July 30, 2025) (Entry ID 6739595). In response, the FCC advised the Court that it "is currently reconsidering many of the rules that are at issue in this case," and thus "any further resources spent arguing and hearing this case may be wasted on issues that [later] become moot." FCC Letter at 1 (July 31, 2025) (Entry ID 6739971). The Court subsequently notified the parties that it had scheduled the case for oral argument on Tuesday, October 7, 2025, at 9:30 a.m. *Calendaring Notice* at 1 (Aug. 26, 2025) (Entry ID 6746503).

5

## ARGUMENT

This Court will continue a scheduled oral argument "for grave cause." *Calendaring Notice* at 1; Local R. 34.1(d). That standard is satisfied here.

When the FCC previously advised the Court that it was actively reconsidering many of the rules at issue in this case, FCC Letter at 1, the timing of the Commission's further proceedings was not yet clear. We are now authorized to inform the Court of the following anticipated timeline: Chairman Carr plans to circulate a proposed reconsideration order and further notice of proposed rulemaking within the agency on Friday, October 3, 2025. We anticipate that the circulated draft will be publicly announced on Monday, October 6, and made publicly available on Tuesday, October 7. We anticipate that the Commission will then vote on the proposed order at its October Open Meeting scheduled for October 28.

These are "events or changes in circumstance capable of mooting" the matters to a significant degree. *Cf. Order* at 5 (July 16, 2025) (Entry ID 6736154). We therefore respectfully request that the Court postpone the oral argument currently scheduled for October 7, 2025, until after the Commission's October 28 Open Meeting. This will give the parties and the Court a chance to evaluate the effect of the upcoming agency action on this litigation and will avoid wasting resources on issues that will soon be moot.

Should the Court nonetheless hold oral argument as currently scheduled, I would be presenting the Commission's argument. I am informing the parties and the Court that the Commission is abandoning, and I am not authorized to defend on October 7, the following portions of Respondents' brief: Part II, which defends the *Order*'s treatment of safety and security costs; Part III, which defends the *Order*'s treatment of site commissions; Part IV, which defends the *Order*'s treatment of facilities costs; and Part V.A, which defends the FCC's decision in the *Order* to derive rate caps using both billed and unbilled minutes. I would continue to defend at oral argument the other portions of Respondents' brief.

## CONCLUSION

The Court should postpone the oral argument in this case, currently scheduled for October 7, 2025, until after the Commission's anticipated vote on a new IPCS order at the agency's October Open Meeting scheduled for October 28. Should the Court grant this request, the FCC will advise the Court and the parties on or before October 29, 2025, whether the Commission has adopted a new order governing IPCS. If it does, the Commission could also propose a date by which the parties should file motions to govern further proceedings in this case.

| | |
|---|---|
| September 4, 2025 | Respectfully submitted,<br><br>*/s/ Bradley Craigmyle*<br><br>Bradley Craigmyle<br>*Deputy General Counsel*<br><br>FEDERAL COMMUNICATIONS COMMISSION<br>45 L Street NE<br>Washington, DC 20554<br>(202) 418-1740<br>fcclitigation@fcc.gov<br><br>*Counsel for Respondent Federal Communications Commission* |

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

   ☒ this document contains 1,404 words, *or*

   ☐ this document uses a monospaced typeface and contains ___ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word in Office 365 in 14-point Times New Roman, *or*

   ☐ this document has been prepared in a monospaced spaced typeface using _____ with _____.

*/s/ Bradley Craigmyle*

Bradley Craigmyle
*Deputy General Counsel*

FEDERAL COMMUNICATIONS COMMISSION
Washington, D.C. 20554
(202) 418-1740