# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| IN RE: MCP 191 | No. 24-8028 |
| DIRECT ACTION FOR RIGHTS AND EQUALITY, INC., *Petitioner*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, SECURUS TECHNOLOGIES, LLC, *Intervenor (No. 24-1884)*. | Nos. 24-1814 & 24-1884 |
| CRIMINAL JUSTICE REFORM CLINIC, *Petitioner*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, SECURUS TECHNOLOGIES, LLC, *Intervenor (No. 24-1992)*. | Nos. 24-1859 & 24-1922 |

| | |
|---|---|
| SECURUS TECHNOLOGIES, LLC, *Petitioner*, <br><br> GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES, *Intervenor*, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, <br><br> DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; CRIMINAL JUSTICE REFORM CLINIC; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., *Intervenors*. | Nos. 24-1869 & 24-1927 |
| PENNSYLVANIA PRISON SOCIETY, *Petitioner*, <br><br> v. <br><br> FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, <br><br> SECURUS TECHNOLOGIES, LLC, *Intervenor (No. 24-1886)*. | Nos. 24-1861 & 24-1886 |

| | |
|---|---|
| PAY TEL COMMUNICATIONS, INC., *Petitioner*, GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES, *Intervenor*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., *Intervenors*. | No. 24-1969 |
| STATE OF INDIANA; STATE OF ARKANSAS; STATE OF ALABAMA; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF IOWA; STATE OF MISSOURI; STATE OF OHIO; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF TENNESSEE; STATE OF UTAH; STATE OF VIRGINIA, *Petitioners*, GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES, *Intervenor*, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., *Intervenors*. | No. 24-2013 |

| | |
|---|---|
| STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF TEXAS; SHERIFF SID GAUTREAUX; SHERIFF BOBBY WEBRE; SHERIFF MARK WOOD; SHERIFF KEVIN COBB; LOUISIANA SHERIFFS' ASSOCIATION, *Petitioners*, GLOBAL TEL*LINK d/b/a VIAPATH TECHNOLOGIES; NATIONAL SHERIFFS' ASSOCIATION, Intervenors, v. FEDERAL COMMUNICATIONS COMMISSION; UNITED STATES, *Respondents*, DIRECT ACTION FOR RIGHTS AND EQUALITY, INC.; PENNSYLVANIA PRISON SOCIETY; OFFICE OF COMMUNICATION OF THE UNITED CHURCH OF CHRIST, INC., *Intervenors*. | No. 24-2061 |

**OPPOSITION OF PUBLIC INTEREST PARTIES TO RESPONDENT FEDERAL COMMUNICATIONS COMMISSION'S MOTION TO POSTPONE ORAL ARGUMENT**

Direct Action for Rights and Equality ("DARE"), Pennsylvania Prison Society ("PPS"), and United Church of Christ Media Justice Ministry ("UCC") oppose the request of the Federal Communications Commission (the "Commission") to postpone oral argument in this case. The Commission has not established "grave cause" to continue the currently scheduled argument date. Local R. 34.1(d).

*First*, the impending actions the Commission identifies cannot possibly moot the entire case. The Commission states that it anticipates issuing a further notice of proposed rulemaking on October 28, but a mere notice—even if it covers all issues

1

raised here—would not moot the current dispute. Moreover, it will likely take many months, at least, to issue a new final rule, and there is no guarantee that any final rule will ever be issued. And though the Commission also states that it will issue a reconsideration order on October 28, Mot. 6, the primary petition for reconsideration currently pending before the Commission raises only a subset of issues at play in this appeal. *See* Petition for Reconsideration of NCIC Inmate Communications, WC Docket Nos. 23-62, 12-375, at 8-17 (filed Oct. 21, 2024) (seeking reconsideration of the Commission's determinations regarding five categories of safety and security costs, the prohibition of site commissions, and the incorporation of unbilled minutes in calculating rate caps). Indeed, the Commission does not appear to dispute that some issues in this case will remain live even after October 28. *See* Mot. 6 (stating only that the contemplated actions may moot "matters to a significant degree"). In such circumstances, the Court should hear from the parties as scheduled.

*Second*, as previously explained, it is far too late for the Commission to claim an interest in conserving judicial resources. Numerous motions have been filed and decided; the case is fully briefed; and the parties and the Court are already preparing for argument. If the Commission truly wanted to conserve judicial resources, it should have sought abeyance before briefing in this case commenced, or at least before it filed its brief fully defending the Order under its current Chairman and General Counsel.

2

*Third*, this Court's timely resolution of the live issues in this case would only aid the Commission in its future rulemaking. This case involves a new statute that provides the Commission with broader statutory authority. *See* Pub. L. No. 117-338, 136 Stat. 6156 (2023) (the "Act"). This Court's construction of the Act would be to the Commission's benefit. Similarly, no court has reviewed whether the statute authorizes the Commission to apply its longstanding "used and useful" methodology to set "just and reasonable" rates. What this Court says about the "reasonableness of the methodology used" could guide the Commission in any future action it takes. *MCI Telecom. Corp. v. FCC*, 143 F.3d 606, 608 (D.C. Cir. 1998).

*Fourth*, even if the Court were inclined to postpone oral argument to permit the parties to assess which issues have been mooted, the Court should not allow the Commission to avoid judicial review indefinitely. There is no assurance that the draft materials that Commission counsel states will be circulated on October 7 will actually obtain the votes of a majority of the Commission.[1] In light of that uncertainty, and taking into account the fact that Congress required the Commission to promptly promulgate rules implementing the Act, *see* Act § 3(a), an open-ended delay will not serve the interests of justice. The Commission's continued gymnastics to avoid judicial review and engineer a return to the pre-Act status quo harms the

---

[1] Under normal Commission procedures, drafts circulated prior to a Commission meeting are generally not shared in advance with other members of the Commission, and dialogue among the Commissioners can lead to significant modifications.

3

families and loved ones who have already relied on the Commission's new rules. At minimum, the Court should make clear that it intends to swiftly set the case for argument once the parties have assessed the Commission's forthcoming actions.

## CONCLUSION

The FCC's postponement motion should be denied.

Dated: September 5, 2025

Respectfully submitted,

/s/*Andrew Jay Schwartzman*
Andrew Jay Schwartzman
525 Ninth Street, NW, Seventh Floor
Washington, DC 20004
Telephone: (202) 241-2408
andyschwartzman@gmail.com

*Counsel for Pennsylvania Prison Society*

/s/*Erik Stallman*
Erik Stallman
SAMUELSON LAW, TECHNOLOGY &
  PUBLIC POLICY CLINIC
UC Berkeley School of Law
353 Law Building
Berkeley, CA 94720
Telephone: (510) 642-2485
estallman@clinical.law.berkeley.edu

*Counsel for United Church of Christ Media Justice Ministry, Inc.*

/s/*Jessica Ring Amunson*
Jessica Ring Amunson
Arjun R. Ramamurti
Andrew C. DeGuglielmo
Ruby C. Giaquinto
JENNER & BLOCK LLP
1099 New York Avenue NW, #900
Washington, DC 20001
Telephone: (202) 639-6000
jamunson@jenner.com

*Counsel for Direct Action for Rights and Equality*

4

## CERTIFICATE OF COMPLIANCE

Under Rule 27(d)(2)(A) of the Federal Rules of Appellate Procedure, I certify this Response complies with the length limits set forth Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 664 words, as counted by Microsoft Word, excluding the items that may be exempted under Federal Rule of Appellate Procedure 27(a)(2)(B).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Office Word 365 in 14-point Times New Roman font.

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the First Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Jessica Ring Amunson*
Jessica Ring Amunson